### MILLER v. PERLMUTTER et al.

#### (Supreme Court, Appellate Term. December 29, 1909.)

TRIAL (§ 29*)—CONDUCT—REMARKS BY COURT.

    A remark by the court, in reply to a request to charge that there was no proof of damages, that "the jury will remember the evidence of the plaintiff," was ground for reversal, where plaintiff's evidence on this point had been stricken out.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–84, 508; Dec. Dig. § 29.*]

Appeal from City Court of New York, Trial Term.

Action by Jacob Miller against Cuno Perlmutter and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Herman Gottlieb, for appellants.
Max D. Steuer, for respondent.

PER CURIAM. Defendants engaged plaintiff under a written contract to work for them as a designer from December 4, 1905, to November 1, 1906, at $30 a week up to July 1, 1906, and from thereafter at $35. Plaintiff continued in this employment up to May 15th, at which time, he alleges, he was unjustly discharged and threatened with physical violence. The defendants' contention is that, refusing to comply with certain reasonable regulations and requests, he became insolent and walked out. It is undisputed that about a week later plaintiff returned at counsel's suggestion and offered to continue in his employment, but was refused for the reason that another designer had already been retained at a higher salary. About June 26th plaintiff

then went into business for himself with a partner, each contributing $1,000 to the firm.

The testimony was conflicting as to the breach of contract, the plaintiff being his only witness, and the jury returned a verdict for the plaintiff in the sum of $870, the full amount of salary unpaid under the contract, together with a deposit of $100 made by plaintiff upon the signing of contract. Upon the plaintiff's cross-examination counsel for defendants offered in evidence a written statement, made by plaintiff to Bradstreet's Agency, by which it was attempted to show that plaintiff was the financial gainer, even though the jury should find he had been discharged. At this point the following appears in the record:

"Q. What is the matter with your memory? A. Well, I cannot tell everything. We did not make any money.

"Mr. Gottlieb: I move to strike that answer out.

"The Court: It all stands, with the exception of the statement that he did not make any money.

"Mr. Steuer: I except to striking that part out."

This is the only place at which testimony was offered that plaintiff made no money after May 15, 1906. Among the defendants' requests to charge, counsel requested the court to charge that there was no proof that plaintiff had sustained a loss from June 26 to December 1, 1906, to which the court replied:

"The Court: The jury will remember the evidence of the plaintiff, wherein he stated that for the period of time when he went into business, after the alleged discharge, he made no money.

"Mr. Gottlieb: There is no such evidence. Your Honor struck it all out. * * *"

In view of the weight given by a jury to the expressions of the court, especially upon matters of evidence, after a trial in which many irreconcilable facts and cross-accusations have been introduced by both sides, it can hardly be questioned that the foregoing statement by the court would seriously tend to mislead the jury upon a very material point, namely, that of damages. For that reason, and others, which it is not necessary to discuss, it is but justice to require that the judgment and order appealed from be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.